IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| **CELLULAR COMMUNICATIONS EQUIPMENT LLC,** <br><br> Plaintiff, <br><br> v. <br><br> **SAMSUNG ELECTRONICS CO., LTD.,** et al., <br><br> Defendants. | **Civil Action No. 6:14-cv-759** <br><br> **JURY TRIAL DEMANDED** |

**PLAINTIFF CELLULAR COMMUNICATIONS EQUIPMENT LLC'S
RESPONSE IN OPPOSITION TO DEFENDANTS' JOINT MOTION
TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT
<u>FOR FAILURE TO STATE A CLAIM</u>**

The First Amended Complaint ("FAC") in this lawsuit contains detailed allegations that meet, and regularly exceed, established requisites for pleading indirect infringement and willfulness.  Thus, Plaintiff Cellular Communications Equipment LLC ("CCE") opposes Defendants' Joint Motion to Dismiss for Failure to State a Claim (the "Motion") as a concerted exercise in procedural gamesmanship intended only to delay addressing the merits.  For the reasons set forth below, Defendants' Motions should be denied entirely.  Should the Court deem CCE's complaints deficient in any respect, CCE respectfully requests leave to amend.

**I.      INTRODUCTION**

As noted by Defendants, the complaint in this case is similar to several related cases which have been consolidated for all pre-trial matters except venue motions.[1]  Each defendant group to the Consolidated Action has filed similar motions to dismiss.[2]  While the instant Motion refrains from espousing some of the untenable positions found in other motions,[3] it erroneously contends that the Supreme Court's recent holding in *Limelight Networks, Inc. v. Akamai Techs., Inc.*, 134 S. Ct. 2111, ___ U.S. ___ (2014), modifies the requirements of FED. R. CIV. P. 8 and heightens the pleading standard with respect to indirect infringement.  *Limelight* establishes no such precedent.  But even if it did, CCE's complaint withstands scrutiny.

**II.     LEGAL STANDARDS**

Motions to dismiss are procedural vehicles reviewed under regional circuit law. *CoreBrace LLC v. Star Seismic LLC*, 566 F.3d 1069, 1072 (Fed. Cir. 2009).  "In the Fifth Circuit, motions to dismiss under Rule 12(b)(6) are viewed with disfavor and rarely granted." *Inmotion Imagery Techs. v. Brain Damage Films*, No. 2:11-cv-414, 2012 U.S. Dist. LEXIS 112630, at *3 (E.D. Tex., Aug. 10, 2012) (citing, among others, *Lormand v. U.S. Unwired, Inc.*,

---

[1] *See* Case No. 6:13-cv-507 (the "Consolidated Action"), Dkt. 194.
[2] *See*, *e.g.*, Consolidated Action, Dkt. 111 (and related briefing).
[3] For example, many Defendants to the Consolidated Action argue that knowledge of a patent via the original complaint is insufficient to show knowledge for indirect infringement.

1

565 F.3d 228, 232 (5th Cir. 2009)).  "When considering a motion to dismiss under Rule 12(b)(6), a court must assume that all well-pleaded facts are true, and view those facts in the light most favorable to the plaintiff."  *Achates Reference Publishing, Inc. v. Symantec Corp.*, No. 2:11-cv-294, 2013 U.S. Dist. LEXIS 27143, at *5-6 (E.D. Tex. Jan 10, 2013).

While FED. R. CIV. P. 8(a)(2) requires only that a complaint contain a short and plain statement of the claim showing that the pleader is entitled to relief, the Supreme Court clarified in its *Twombly* and *Iqbal* opinions that providing the "grounds of [the pleader's] entitlement to relief requires more than labels and conclusions."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  To this end, this Court has explained:[4]

> [A] complaint must allege sufficient factual matter, accepted as true, to state a claim that is plausible on its face.  A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Patent Harbor, LLC v. Dreamworks Animation SKG, Inc.*, No. 6:11-cv-229, 2012 U.S. Dist. LEXIS 114199, at *7 (E.D. Tex. Jul. 27, 2012) (citations to *Twombly* and *Iqbal* omitted).

The *Twombly* / *Iqbal* pleadings standard applies to allegations of indirect and willful infringement.  *See Patent Harbor*, 2012 U.S. Dist. LEXIS 114199, at *9 (indirect infringement); *see also FuzzySharp Techs. Inc. v. Nvidia Corp.*, No. 12-cv-06375, 2013 LEXIS 126989, at *6 (N.D. Cal. Sept. 4, 2013) (willful infringement).  However, such allegations are not viewed in a vacuum.  Analysis of pleaded content is a "***context-specific task that requires the reviewing court to draw on its judicial experience and common sense***."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (emphasis added).  Moreover, the *Twombly* / *Iqbal* pleadings standard does not mean

---

[4] With respect to direct infringement, a plaintiff need only comply with Form 18.  *See, generally, In re Bill of Lading Transmission and Processing System Patent Litigation*, 681 F.3d 1323, 1331 (Fed. Cir. 2012).  Defendants raise no issue relative to the sufficiency of CCE's direct infringement allegations.

2

that a plaintiff "must prove itself at the pleading stage." *Patent Harbor*, 2012 U.S. Dist. LEXIS 114199, at *16.

Lastly, while *In re Seagate Tech., LLC*, 497 F.3d 1360 (Fed. Cir. 2007) sets forth the evidence necessary to establish willful infringement; "the bar for pleading willful infringement is not high." *Wordcheck Tech, LLC v. Alt-N Technologies, Ltd.*, No. 6:10-CV-457, 2012 U.S. Dist. LEXIS 189071, at *6 (E.D. Tex. July 17, 2012).  All that is required is a plausible allegation of pre-suit notice coupled with the assertion that continued, alleged infringement is objectively reckless.  *See id.*

### III.  ARGUMENT

#### A.  CCE has fully pled a plausible theory of induced infringement.

A claim for induced infringement requires (1) pleading direct infringement, and pleading facts plausibly showing that the defendant both (2) intended that a third party infringe and (3) knew that the third party's acts constitute infringement.  *Achates Reference Publishing*, 2013 U.S. Dist. LEXIS 27143, at *10.  Defendants challenge CCE's allegations under each element.

##### 1.  Direct infringement.

CCE alleges, *inter alia*, that Defendants "are liable for indirect infringement of the '820 patent because they induce and/or contribute to ***the direct infringement of the patent by their customers and other end users who use the '820 Samsung Devices to practice the claimed methods.***" (emphasis added)  FAC at ¶ 35; *see also id.* at ¶¶ 71 ('174 patent), 85 ('786 patent), and 99 ('872 patent).  Citing *Limelight Networks*, Defendants contend CCE's complaint must specifically allege that each step of the asserted claims is performed by a single entity.  *Limelight* articulates no such pleading requirement; but even if it did, CCE's complaint would meet it, because it alleges that Defendants' "customers" and "end users" use the accused devices to "practice the claimed methods."  *See id*.  This is a factual allegation that each step of the asserted

3

claims is performed by individual entities — Defendants' "customers" and "end users." Defendants' Motion deliberately ignores these statements to misrepresent CCE's allegations.

### 2. Knowledge of the patents.

In order to form the requisite intent (element (2)) and knowledge concerning third party infringement (element (3)), Defendants must, as a threshold matter, have knowledge of the patents asserted against them. For each patent in which indirect infringement is asserted, CCE's FAC recites factual allegations supporting Defendants' pre-suit knowledge of the patents-in-suit.

CCE alleges that Defendants garnered pre-suit knowledge by virtue of their participation and membership a standards-setting organization called the 3rd Generation Partnership Project (or "3GPP"). *See, e.g.*, FAC, at ¶¶ 36, 72, 86, and 100. It is well-known that 3GPP actively encourages and solicits identification and disclosure of patents essential to its work, and maintains a register of such patents.[5] CCE alleges that, as members of 3GPP, Defendants acquired actual knowledge of the patents-in-suit because each one was disclosed (either as an issued patent or pending application) to 3GPP membership. *See, e.g.*, FAC, at ¶¶ 36, 72, 86, and 100.

Defendants' incredibly argue that, even if it was aware of a patent application disclosed to 3GPP, that knowledge cannot support an *inference* that it also knew about the patent which issued from that application. That position has no merit. Defendants' knowledge of a patent application factually and logically supports the conclusion that Defendants' knew of the resulting issued patent. CCE's complaint need not identify the precise moment that Defendants became aware of the asserted claims. Moreover, CCE need not *prove* that Defendants actually possessed

---

[5] *See* "3GPP – Legal Matters (IPR declarations)," available at http://www.3gpp.org/Legal-matters.

4

knowledge of the patents at this juncture. CCE needs only sufficiently plead the plausible, which it has done. *See In re Bill of Lading*, 681 F.3d at 1339.

Further, courts in this district (and elsewhere) have held ***repeatedly*** that knowledge acquired from an original complaint satisfies the knowledge component of indirect infringement. *See Patent Harbor*, 2012 U.S. Dist. LEXIS 114199, at *17 (citing *Lochner Techs., LLC v. AT Labs Inc.*, No. 2:11-CV-242, 2012 WL 2595288, at *3 (E.D. Tex. July 5, 2013) and *In re Bill of Lading*, 361 F.3d at 1345-46). At the very least, Defendants have had knowledge of the patents-in-suit as of the date of filing of the complaint and CCE should be permitted to allege indirect infringement based on that knowledge.

### 3. Intent to infringe.

CCE's amended complaint very specifically satisfies the intent requirement (element (2)). It alleges direct infringement by Defendants, their customers, and end users of the accused products. *See, e.g.,* FAC, at ¶ 35. The amended complaint identifies numerous accused products by name. In ¶ 33 of the FAC, for instance, CCE identifies over a dozen different infringing Samsung smartphones.

Addressing induced infringement, CCE's complaint alleges that Defendants specifically intend for their customers to use the identified products in an infringing manner, and that Defendants "have provided and continue to provide instructional materials, such as user guides, owner manuals, and similar online resources (available via http://www.samsung.com/us/support/, for instance) that specifically teach the customers and other end users to use the [accused devices] in an infringing manner." *See, e.g.,* FAC at ¶ 38; *see also* ¶¶ 74, 88, 102.

These are not "bare allegations" or mere "conclusory statements." Nor are these the generic "instruction" alleged in *U.S. Ethernet Innovations, LLC v. Digi Int'l Inc.*, cited by

5

Defendants.  No. 6:12-cv-366, 2013 U.S. Dist. LEXIS 114309, at *14 (E.D. Tex. Apr. 2, 2013). Rather, CCE's complaint specifically identifies the means by which Defendants have instructed its customers and end users to infringe, and further identifies the source of such instructions.

These allegations are sufficient to satisfy the pleading requirements.  CCE is not required marshal all of its evidence at this stage; it need not, for example, identify specific pages of specific documents to prove intent.  Moreover, courts are permitted to use both judicial experience and common sense to infer that the instructions identified by CCE plausibly explicate the requisite intent.  *See Iqbal*, 556 U.S. at 679.

### 4. Knowledge of third party infringement.

CCE's complaint alleges that, despite knowledge of the patent, "Defendants …. have specifically intended and continue to specifically intend for [third parties] to use [the accused devices] in an manner that infringes the [patent].  *See* FAC at ¶¶ 37, 73 87, and 101. Additionally, Defendants' knowledge of third party infringement (element (3)) may be established by pleading facts that support a plausible inference that Defendants had knowledge of the patents.  *See Achates*, 2013 U.S. Dist. LEXIS 27143, at *10-11 (finding that knowledge of patents established through service of a complaint is sufficient to draw a plausible inference that induced infringement has occurred).

As noted above, CCE's complaint not only alleges Defendants' knowledge of the asserted patents (via CCE's complaints, 3GPP affiliation, or both), but expressly identifies Defendants' "customers and other end users who use [the accused devices]" as direct infringers. *See, e.g.*, FAC, at ¶¶ 35, 71, 85, and 99.  Further, it states that Defendants provide instructions to their customers and users pertaining to use of the accused devices.  *See, e.g.*, FAC, at ¶¶ 38, 74, 88, and 102.  These allegations, taken together, support a plausible inference that Defendants had

sufficient knowledge of third-party infringing acts, and therefore satisfy this pleading requirement.

### B. CCE has fully pled a plausible theory of contributory infringement.

A claim for contributory infringement requires (1) pleading underlying direct infringement and plausible facts, to wit, (2) the accused infringer had knowledge of the patent, (3) the infringing component(s) has (have) no substantial non-infringing use, and (4) the alleged component(s) is (are) material to practicing the invention. *See, e.g., Patent Harbor*, 2012 U.S. Dist. LEXIS 114199, at *19-20.

Each element is fully addressed in CCE's second amended complaint. Relative to element (1), CCE specifically pled direct infringement, identifying infringing products and direct infringers (namely, each Defendant, its customers, and other end users). *See, e.g.*, FAC at ¶¶ 35, 37 (noting, among other things, that "Defendants are liable for indirect infringement [] because they induce and/or contribute to the *direct infringement of the patent by their customers and other end users* who use the '820 Samsung Devices to practice the claimed methods.").

Relative to element (2), knowledge of each asserted patent is established, at minimum, by service of CCE's original complaint. *See, e.g., Achates*, 2013 U.S. Dist. LEXIS 27143, at *7-8 ("[T]here is no requirement to allege pre-suit knowledge of the patent to state a claim for contributory infringement."). Moreover, as explained above, CCE sufficiently alleges pre-suit knowledge via Defendants' respective involvements with 3GPP.

Relative to elements (3) and (4), CCE's complaint specifically alleges that relevant components of the accused devices have no substantial non-infringing uses and are material to practicing the invention. *See* FAC at ¶¶ 39, 75, 89, 103. As alleged in the complaint, the identified infringing products are wireless devices comprising proprietary hardware components and software instructions that work in concert to perform specific, intended functions. *Id.* CCE

7

alleges that these "specific, intended functions, carried out by these hardware and software combinations, are a material part of the inventions [at issue] and are not staple articles of commerce suitable for substantial non-infringing use." *Id.* These allegations are sufficient to meet the pleading requirements in this District.

CCE will more precisely identify specific hardware and software after discovery, but it is not necessary to provide detailed factual support for each and every element at this stage. *See, e.g., Twombly*, 550 U.S. at 555. CCE's amended complaints set forth facts that plausibly support an inference that particular components of the accused devices are a material part of the invention with no substantial non-infringing use. In context, these allegations adequately plead contributory infringement and should be upheld. *See, e.g., Achates* 2013 U.S. Dist. LEXIS 27143 at *8-9 ("[I]n light of the nature of the patented technology and the accused components, the complaint states adequate facts to infer that the activation component has no other use than to perform the method steps.")

### C. CCE has fully pled a plausible theory of willful infringement.

CCE's claims for willful infringement are similarly sufficient. Citing *Seagate*, Defendants allege that CCE must establish both objectively reckless behavior or circumstances, and subjective knowledge or obviousness of the risk. But conclusive proof of such elements is not required at this stage — CCE's complaint needs only set forth a plausible claim in good faith. *See Wordcheck Tech, LLC*, 2012 U.S. Dist. LEXIS 189071, at *6 ("*In re Seagate* only addresses the evidence necessary to establish willful infringement, not the prerequisites for pleading willful infringement, let alone that anything more than a good faith allegation of willfulness is required."). In fact, Defendants ignore case law cited in their own brief which clearly states:

> **The bar set by the Federal Circuit for stating a claim for willful infringement is not high.** Indeed the Federal Circuit has held that a plaintiff 'more than sufficient[ly]' states a claim for

8

> willful infringement when he alleges **(1) infringement of the patent-in-suit; and (2) pre-filing 'knowledge' of the patent-in-suit.**

*FuzzySharp,* 2013 LEXIS 126989, at *6 (citing *Mitutoyo Corp. v. Cent. Purchasing, LLC,* 499 F.3d 1284, 1290 (Fed. Cir. 2007) and *In re Seagate* 497 F.3d at 1374) (emphasis added). *See also* Exh. A, *Virginia Innovation Sciences, Inc. v. Samsung Elecs. Co., Ltd.*, No. 2:12-cv-548, Dkt. No. 395, slip op. at 8-11 (E.D. Va. Nov. 15, 2013) (citing both Federal Circuit and Eastern District of Texas precedent).

CCE alleges willful infringement relative to the asserted standard essential patents. This is supported by its allegations, explained above, that Defendants affiliated with 3GPP had pre-suit knowledge of the asserted standard essential patents. Having such knowledge, Defendants disregarded an objectively high likelihood of infringement and thus their actions have been willful, wanton, and deliberate. *See* FAC at ¶¶ 40, 76, 90, and 104. Accordingly, CCE's complaint properly alleges both infringement and pre-suit knowledge of standard essential patents, and its willful infringement allegations are sufficient. The task of marshalling additional evidence to *prove* willful infringement is one for discovery and expert reporting.

**IV. CONCLUSION**

CCE has properly pled each element of indirect and willful infringement. Defendants' Motion refuses to acknowledge straightforward inferences, ignores common sense, and obfuscates the standards of *Twombly* and *Iqbal* to achieve procedural delay. Their Motion should be denied in its entirety.

Alternatively, CCE asks that it be granted leave to amend its complaint in order to address any pleading deficiency that the Court deems to exist. *See, e.g., Patent Harbor,* 2012 U.S. Dist. LEXIS 114199, at *21 (granting leave to amend).

**Dated: February 2, 2015**  Respectfully submitted,

/s/ Edward R. Nelson III
Edward R. Nelson III
ed@nelbum.com
Texas State Bar No. 00797142
Brent N. Bumgardner
brent@nelbum.com
Texas State Bar No. 00795272
Barry J. Bumgardner
barry@nelbum.com
Texas State Bar No. 00793424
S. Brannon Latimer
brannon@nelbum.com
Texas State Bar No. 24060137
Thomas C. Cecil
tom@nelbum.com
Texas State Bar No. 24069489
NELSON BUMGARDNER, P.C.
3131 West 7th Street, Suite 300
Fort Worth, Texas 76107
Phone: (817) 377-9111
Fax: (817) 377-3485

T. John Ward, Jr.
Texas State Bar No. 00794818
J. Wesley Hill
Texas State Bar No. 24032294
Claire Abernathy Henry
Texas State Bar No. 24053063
WARD & SMITH LAW FIRM
P.O. Box 1231
1127 Judson Rd. Ste. 220
Longview, Texas 75606-1231
(903) 757-6400
(903) 757-2323 (fax)
jw@wsfirm.com
wh@wsfirm.com
claire@wsfirm.com

**ATTORNEYS FOR PLAINTIFF
CELLULAR COMMUNICATIONS
EQUIPMENT LLC**

10

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on this 2nd day of February, 20154.  As of this date, all counsel of record that has consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

*/s/ Edward R. Nelson, III*
Edward R. Nelson, III