**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| CELLULAR COMMUNICATIONS EQUIPMENT LLC, <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., ET AL., <br><br> Defendants. | Civil Action No. 6:14-cv-759-JRG |

## JOINT CLAIM CONSTRUCTION AND PRE-HEARING STATEMENT

Pursuant to P.R. 4-3 and the Court's Docket Control Orders (as amended), Plaintiff Cellular Communications Equipment LLC ("CCE"), and Defendants Samsung Electronics Co., Ltd, Samsung Electronics America, Inc., AT&T Mobility LLC, Cellco Partnership d/b/a Verizon Wireless, Sprint Solutions, Inc., Sprint Spectrum L.P., Boost Mobile, LLC, T-Mobile USA, Inc., and T-Mobile US, Inc. (collectively "Defendants") submit this Joint Claim Construction and Pre-Hearing Statement with respect to U.S. Patent No. 8,055,820 ("the '820 patent"), U.S. Patent No. 7,218,923 ("the '8923 patent"), U.S. Patent No. 7,941,174 ("the '174 patent"), U.S. Patent No. 8,645,786 ("the '786 patent"), and U.S. Patent No. 8,254,872 ("the '872 patent").[1]

---

[1]  Sprint Solutions, Inc., Sprint Spectrum L.P., and Boost Mobile, LLC (collectively "Sprint") joins this submission with respect to the '820 patent and '8923 patent, which have been asserted against Sprint.

Prefatory Statement Regarding Claim Construction

This Court has already construed some of the terms listed below in connection with a prior case, *Cellular Communications Equipment LLC, v. HTC Corp., et al.*, Case No. 6:13-cv-507-JRG-KNM ("First CCE Case"), involving the '820 patent, '8923 patent, and '174 patent. the Court's claim constructions are reflected in the following orders of this Court:  Memorandum Opinion and Order, March 9, 2015, *Cellular Communications Equipment LLC, v. HTC Corp., et al.*, Case No. 6:13-cv-507-JRG-KNM, Document 363 (E.D. Tex.) ("HTC First *Markman* Order") and Memorandum Opinion and Order, June 1, 2015, *Cellular Communications Equipment LLC, v. HTC Corp., et al.*, Case No. 6:13-cv-507-JRG-KNM, Document 413 (E.D. Tex.) ("HTC Second *Markman* Order").

Recognizing the claim constructions that the Court has previously rendered for the '820 patent, '8923 patent, and '174 patent in the First CCE Case, the parties have conferred in an attempt to find ways to minimize the time expended by the Court on previously constructed terms while simultaneously preserving their rights on appeal, particularly where a party proffers constructions (and corresponding arguments) identical to those already considered by the Court as indicated in the charts below.  The parties have thus divided the list of disputed terms into two categories:  (1) a list of terms the parties ask this Court to construe in this case and (2) a list of other disputed terms.  With respect to the latter category, the parties agree that the Court's prior claim constructions should govern in this case so long as the parties may rely on the claim construction arguments and evidence presented in the First CCE Case for purpose of appeal.  To preserve their rights on appeal without wasting the Court's and the parties' resources and making a new record here, the parties respectfully request that the Court issue an Order incorporating by reference into the record of the current case the entire claim construction record (*i.e.*, all docket-

numbered documents in which construction of claim terms is discussed or decided) from the First CCE Case (collectively "Prior Record"[2]).

This request is made so that new briefing does not have to be submitted in the current cases for disputed terms that were previously construed by the court. The parties expressly agree that each party may rely on any portion of the Prior Record to support its proposed construction of a disputed term in the current case and/or appeal therefrom as if that portion of the Prior Record has been submitted in the current case, provided that no current party is bound by any statement made by a different party in the Prior Record unless that current party relies on that statement in the current case and/or in an appeal.

## P.R. 4-3(a)

The parties have reached agreement regarding the construction of the following claim terms, phrases, or clauses for the patents at issue. For each of the terms, phrases, or clauses listed below, the parties agree that these are means-plus-function elements to be construed in accordance with 35 U.S.C. 112(6). The parties also agree on the function of these elements. However, the parties disagree on the corresponding structure of these elements.

| Term | Construction |
|---|---|
| "the designating unit" ('820 patent, cl. 12) | The parties agree this is a means-plus-function element to be construed in accordance with 35 U.S.C. 112(6).<br><br>The parties further agree that the function is "designating the long buffer status reporting format when there is sufficient uplink bandwidth to communicate using the long |

---

[2]   The parties may move to incorporate by reference the Prior Record into the record of the current case at the *Markman* hearing.

| Term | Construction |
|---|---|
|  | buffer status reporting format." |
|  | The parties do <u>not</u> agree on the corresponding structure. |
| "connection means for setting up the emergency call connection" ('872 patent, cl. 12) | The parties agree this is a means-plus-function element to be construed in accordance with 35 U.S.C. 112(6). |
|  | The parties further agree that the function is "setting up the emergency call connection." |
|  | The parties do <u>not</u> agree on the corresponding structure. |
| "receiving means for receiving a network identifier of a visited network notified to the terminal when the terminal is registered in the visited network" ('872 patent, cl. 12) | The parties agree this is a means-plus-function element to be construed in accordance with 35 U.S.C. 112(6). |
|  | The parties further agree that the function is "receiving a network identifier of a visited network notified to a terminal when the terminal is registered in the visited network." |
|  | The parties do <u>not</u> agree on the corresponding structure. |
| "comparison means for comparing the received network identifier of the visited network with a network identifier of a home network of the terminal" ('872 patent, cl. 12) | The parties agree this is a means-plus-function element to be construed in accordance with 35 U.S.C. 112(6). |
|  | The parties further agree that the function is "comparing the received network identifier of the visited network with a network identifier of a home network of the terminal." |
|  | The parties do <u>not</u> agree on the corresponding structure. |

**P.R. 4-3(b)**

**Terms For Construction In This Case**

The parties hereby identify the following terms for construction in this case.  This does not include any terms the parties agree that the Court's prior claim constructions should govern in this case so long as the parties may rely on the claim construction arguments and evidence presented in the First CCE Case for purpose of appeal.  Should the Court not issue the order regarding the claim construction record from the First CCE Case as requested above, the additional terms identified in the Parties P.R. 4-2 disclosures will be added to this list.

The chart attached as Exhibit A provides CCE's proposed constructions and the chart attached as Exhibit B provides Defendants' proposed constructions, both Exhibits A and B contain an identification of the intrinsic and extrinsic evidence upon which each party intends to rely to support its proposed constructions for the terms listed here.  Each party reserves the right to rely on any intrinsic or extrinsic evidence identified by the other party.

| Claim Term |
|---|
| "monitoring a usage of a plurality of buffers" / "monitor a usage of a plurality of buffers" ('820 patent, cl. 1, 12, 24) |
| "the designating unit" ('820 patent, cl. 12) |
| "network device" ('820 patent, cl. 1, 12, 24) |
| "controlling entity" ('8923 patent, cl. 1, 4, 24, 26) |
| "self-decodable" ('786 patent, cl. 1, 12) |
| "self-decodable redundancy version" ('786 patent, cl. 1, 12) |
| "self-decodable rate matching pattern" ('786 patent, cl. 1) |

| |
|---|
| "coding rate" ('786 patent, cl. 1, 2) |
| "connection means for setting up the emergency call connection" ('872 patent, cl. 12) |
| "receiving means for receiving a network identifier of a visited network notified to the terminal when the terminal is registered in the visited network" ('872 patent, cl. 12) |
| "comparison means for comparing the received network identifier of the visited network with a network identifier of a home network of the terminal" ('872 patent, cl. 12) |
| "connection unit" ('872 patent, cl. 13, 14) |
| "receiver" ('872 patent, cl. 13, 17, 18) |
| "comparator" ('872 patent, cl. 13, 14) |
| "subscriber identify module card" ('872 patent, cl. 16) |

**Other Disputed Terms**

The parties present their respective proposed constructions for the following additional disputed terms that the Court previously construed to place the parties' proposed constructions in the record.  As noted above, the parties agree that the court's prior constructions of these terms will govern in this case if the Court orders that the claim construction record from the First CCE Case is incorporated by reference into this case and that the parties may rely on that record for purposes of appeal.  In addition, Exhibits A and B set forth an identification of the intrinsic and extrinsic evidence upon which the Plaintiff and the Defendants intend to rely to support its proposed constructions for purposes of appeal for the terms listed here.

6

| Claim Term | Plaintiff's Proposed Construction | Defendants Proposed Construction | Court's Prior Construction |
|---|---|---|---|
| "usage" ('820 patent, cl. 1, 12, 24) | Plain and ordinary meaning; no construction necessary. | "an act, way, or manner of using" | Plain meaning<br><br>Memorandum Opinion and Order dated Jun. 1, 2015, Dkt. 413, Case No. 6:13-cv-507 |
| "at a start of a message transmission" ('174 patent, cl. 1, 9, 17, 18) | Not indefinite. | This term is indefinite under 35 U.S.C. § 112, ¶ 2. | The phrase "at a start of a message transmission using a first one of the codes" modifies "a total transmit power of the subscriber station for the codes."<br><br>Not indefinite.<br><br>Memorandum Opinion and Order dated Mar. 9, 2015, Dkt. 363, Case No. 6:13-cv-507 |
| "at a start of a message transmission using a first one of the codes" ('174 patent, cl. 1, 9, 17, 18) | Not indefinite. | This term is indefinite under 35 U.S.C. § 112, ¶ 2. | The phrase "at a start of a message transmission using a first one of the codes" modifies "a total transmit power of the subscriber station for the codes."<br><br>Not indefinite.<br><br>Memorandum Opinion and Order dated Mar. 9, 2015, Dkt. 363, Case No. 6:13-cv-507 |

| "a transmit power difference which is to be maintained" ('174 patent, cl. 1, 17, 18) / "maintaining a previously determined transmit power different" ('174 patent, cl. 9) | Plain and ordinary meaning; no construction necessary. | "an unused transmit power that is required to exist" / "a previously determined unused transmit power that is required to exist" | Plain meaning<br><br>Memorandum Opinion and Order dated Mar. 9, 2015, Dkt. 363, Case No. 6:13-cv-507 |
|---|---|---|---|
| "a message of the messages" ('8923 patent, cl. 1, 24) | Plain and ordinary meaning; no construction necessary. | "one or more, but less than all, of the messages" | "one or more, but less than all, of the messages"<br><br>Memorandum Opinion and Order dated Jun. 1, 2015, Dkt. 413, Case No. 6:13-cv-507 |
| "tamper resistant" ('8923 patent, cl. 26) | Plain and ordinary meaning; no construction necessary. | "resistant to being affected by a user or other parties that are beyond the control of the network operator" | Plain meaning<br><br>Memorandum Opinion and Order dated Jun. 1, 2015, Dkt. 413, Case No. 6:13-cv-507 |
| "a diverting unit configured to divert a message of the messages sent from the application program and destined for the communication network" ('8923 patent, cl. 24) | Plain and ordinary meaning; no construction necessary. | "a diverting unit configured to redirect a message of the messages sent from the application program and destined for the communication network from the path it would have taken if not redirected on to an alternate path" | Plain meaning<br><br>Memorandum Opinion and Order dated Mar. 9, 2015, Dkt. 363, Case No. 6:13-cv-507 |

**P.R. 4-3(c)**

The Court has set the Claim Construction Hearing for the patents at issue to begin at 1:30 p.m. on December 9, 2015.  CCE requests 90 minutes per side (3 hours total).  Defendants request 120 minutes per side (4 hours total).

Defendants also request 30 minutes per side for a technology tutorial on the two patents that were not at issue in the First CCE Case.  The technology tutorial would precede the *Markman* hearing.

**P.R. 4-3(d)**

At this time, neither CCE nor Defendants intends to call any live witnesses at the Claim Construction Hearing.

CCE intends to rely on expert declaration(s) from Claude Royer and/or Dr. Esmael Dinan to rebut Defendants' indefiniteness allegations and/or constructions.  To the extent Defendants rely on an expert declaration in support of their indefiniteness allegations and/or constructions, CCE reserves the right to rely on one or more expert declarations in rebuttal.

Defendants intend to rely on Dr. J. Stevenson Kenney to address Defendants' indefiniteness positions and/or constructions, whether set forth in their Responsive Claim Construction Brief, their letter brief seeking leave to file a motion for summary judgment of indefiniteness, and/or their motion for summary judgment of indefiniteness.   To the extent CCE relies on an expert declaration to rebut Defendants' indefiniteness allegations, Defendants reserve the right to rely on one or more expert declarations to reply to CCE's rebuttal declaration.

**P.R. 4-3 (e)**

At present, the parties are unaware of any additional issues that would require the scheduling of a pre-hearing conference prior to the Claim Construction Hearing.  The parties would be willing to participate in a pre-hearing conference, if the Court deems one appropriate, to address issues such as how best to preserve issues for appeal as described above and whether the Court wishes to hear live expert testimony.

DATED:  September 11, 2015.

| | |
|---|---|
| */s/ Edward R. Nelson, III*<br>Edward R. Nelson, III<br>ed@nelbum.com<br>Texas State Bar No. 00797142<br>S. Brannon Latimer<br>brannon@nelbum.com<br>Texas State Bar No. 24060137<br>Thomas C. Cecil<br>tom@nelbum.com<br>Texas State Bar No. 24069489<br>Nelson Bumgardner Casto, p.c.<br>3131 West 7th Street, Suite 300<br>Fort Worth, Texas 76107<br>Phone:  (817) 377-9111<br>Fax:  (817) 377-3485<br><br>T. John Ward, Jr.<br>Texas State Bar No. 00794818<br>J. Wesley Hill<br>Texas State Bar No. 24032294<br>Claire Abernathy Henry<br>Texas State Bar No. 24053063<br>Ward & Smith Law Firm<br>P.O. Box 1231<br>1127 Judson Rd. Ste. 220<br>Longview, Texas  75606-1231<br>(903) 757-6400<br>(903) 757-2323 (fax)<br>jw@jwfirm.com<br>wh@wsfirm.com<br>claire@wsfirm.com | |

| | |
|---|---|
| **ATTORNEYS FOR PLAINTIFF CELLULAR COMMUNICATIONS EQUIPMENT LLC** | |
| */s/ Michael E. Jones*<br>Michael E. Jones<br>State Bar No. 10929400<br>Patrick C. Clutter, IV<br>State Bar No. 24036374<br>mikejones@potterminton.com<br>patrickclutter@potterminton.com<br>Potter Minton, P.C.<br>110 N. College Ave., Suite 500<br>Tyler, Texas 75702<br>Tel: (903) 597-8311<br> Fax: (903) 593-0846<br><br>Charles B. Molster, III<br>Virginia State Bar No. 23613<br>Thomas M. Dunham<br>D.C. Bar No. 448407<br>Corrine M. Saylor<br>D.C. Bar No. 997638 (*Pro Hac Vice*)<br>cmolster@winston.com<br>tdunham@winston.com<br>csaylor@winston.com<br>WINSTON & STRAWN LLP<br>1700 K Street, N.W.<br>Washington, D.C. 20006-3817<br>Tel: (202) 282-5000<br>Fax: (202) 282-5100<br><br>Sarah J. Kalemeris<br>IL Bar No. 6303644<br>skalemeris@winston.com<br>WINSTON & STRAWN LLP<br>35 W Wacker Drive<br>Chicago, IL 60601<br>Tel: (312) 558-5600<br>Fax: (312) 558-5700<br><br>**ATTORNEYS FOR CELLCO PARTNERSHIP D/B/A/ VERIZON WIRELESS** | By:   */s/ Michael E. Jones*<br> Kevin Johnson<br> kevinjohnson@quinnemanuel.com<br> Victoria Maroulis<br> victoriamaroulis@quinnemanuel.com<br> Ray Zado<br> rayzado@quinnemanuel.com<br> **QUINN EMANUEL URQUHART & SULLIVAN LLP**<br> 555 Twin Dolphin Dr., 5th Floor<br> Redwood Shores, CA 94065<br> Tel: 650-801-5000<br> Fax: 650-801-5100<br><br> Marissa Ducca<br> Deepa Acharya<br> marissaducca@quinnemanuel.com<br> deepaacharya@quinnemanuel.com<br> **QUINN EMANUEL URQUHART & SULLIVAN LLP**<br> 777 6th Street NW, 11th Floor<br> Washington, D.C. 20009<br> Tel:202-538-8109<br> Fax: 202-538-8100<br><br> Michael E. Jones<br> State Bar No. 10929400<br> mikejones@potterminton.com<br> Allen F. Gardner<br> State Bar No. 24043679<br> allengardner@potterminton.com<br> **POTTER MINTON**<br> A Professional Corporation<br> 110 N. College, Suite 500<br> Tyler, Texas 75702<br> Tel: (903) 597-8311<br> Fax: (903) 593-0846<br><br> **ATTORNEY FOR DEFENDANT, SAMSUNG ELECTRONICS CO., LTD.; SAMSUNG ELECTRONICS AMERICA, INC.; AND SAMSUNG** |

11

*/s/ Caroline A. Bader*
Mark McGrory (*pro hac vice*)
Megan J. Redmond (*pro hac vice*)
Carrie A. Bader (*pro hac vice*)
ERISE IP
6201 College Boulevard, Suite 300
Overland Park, KS 66211
Office: 913-777-5600
Fax: 913-777-5601
Mark.mcgrory@eriseip.com
Megan.redmond@eriseip.com
Carrie.bader@eriseip.com

Robert W. Weber
Texas State Bar No. 21044800
SMITH WEBER, L.L.P.
5505 Plaza Drive
P.O. Box 6167
Texarkana, TX 75505-6167
Tele: (903) 223-5656
Fax: (903) 223-5652
Email: bweber@smithweber.com

Mark W. McGrory (*pro hac vice*)
Erise IP, P.A.
6201 College Blvd, Ste 300
Overland Park, KS  66211
(913) 777-5600
(913) 777-5601 - fax
mark.mcgrory@eriseip.com

**ATTORNEYS FOR SPRINT SOLUTIONS,
INC., SPRINT SPECTRUM L.P., AND
BOOST MOBILE, LLC**


*/s/ Melissa R. Smith*
Melissa R. Smith
State Bar No. 24001351
GILLAM & SMITH, LLP
303 S. Washington Ave.
Marshall, TX 75670
Phone: (903) 934-8450
Fax: (903) 934-9257
melissa@gillamsmithlaw.com

John C. Hueston
Alex C. D. Giza
Douglas J. Dixon
HUESTON HENNIGAN LLP

**TELECOMMUNICATIONS
AMERICA, LLC**

*/s/ Christopher W. Kennerly*
Christopher W. Kennerly
TX Bar No. 00795077
chriskennerly@paulhastings.com
Jonas P. Herrell
CA Bar No. 279075
jonasherrell@paulhastings.com
PAUL HASTINGS LLP
1117 S. California Ave.
Palo Alto, CA  94304-1106
Telephone: (650) 320-1800
Facsimile: (650) 320-1900

Jeffrey D. Comeau
CA Bar No. 259679
jeffreycomeau@paulhastings.com
PAUL HASTINGS LLP
4747 Executive Drive
Twelfth Floor
San Diego, CA 92121-3114
Telephone: (858) 458-3000
Facsimile: (858) 458-3005

Trey Yarbrough
TX Bar No. 22133500
trey@yw-lawfirm.com
YARBROUGH WILCOX, PLLC
100 E. Ferguson St., Suite 1015
Tyler, Texas 75702
Telephone (903) 595-3111
Facsimile (903) 595-019

**ATTORNEYS FOR AT&T MOBILITY LLC**

12

620 Newport Center Dr., Ste. 1300
Newport Beach, CA 92660
Phone: (949) 229-8640
JHueston@hueston.com
AGiza@hueston.com
DDixon@hueston.com

**ATTORNEYS FOR T-MOBILE USA, INC.
AND T-MOBILE US, INC.**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 11th day of September, 2015, I electronically filed the foregoing document with the clerk of the Court for the U.S. District Court, Eastern District of Texas, Tyler Division, using the Court's electronic case filing system. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

*/s/ Edward R. Nelson, III*