**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| CELLULAR COMMUNICATIONS EQUIPMENT LLC, <br><br>     Plaintiff, <br><br> v. <br><br> LG ELECTRONICS, INC., ET AL., <br><br>     Defendants. | CIVIL ACTION NO. 6:14-cv-982-KNM <br><br> **JURY TRIAL DEMANDED** |
| CELLULAR COMMUNICATIONS EQUIPMENT LLC, <br><br>     Plaintiff, <br><br> v. <br><br> LG ELECTRONICS, INC., ET AL., <br><br>     Defendants. | CIVIL ACTION NO. 6:13-cv-508-KNM <br><br> **JURY TRIAL DEMANDED** |
| CELLULAR COMMUNICATIONS EQUIPMENT LLC, <br><br>     Plaintiff, <br><br> v. <br><br> SONY MOBILE COMMUNICATIONS INC., ET AL., <br><br>     Defendants. | CIVIL ACTION NO. 6:14-cv-983-KNM <br><br> **JURY TRIAL DEMANDED** |

CELLULAR COMMUNICATIONS
EQUIPMENT LLC,

      Plaintiff,

v.

SAMSUNG ELECTRONICS CO., LTD., ET
AL.,

      Defendants.

CIVIL ACTION NO. 6:14-cv-759-KNM

**JURY TRIAL DEMANDED**

## PLAINTIFF'S MOTION TO DISMISS BREACH OF CONTRACT COUNTERCLAIMS ASSERTED BY CERTAIN MANUFACTURER DEFENDANTS

Defendants LG Electronics, Inc., LG Electronics U.S.A., Inc. (collectively "LG"), Sony Mobile Communications (USA) Inc. ("Sony"), and Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively "Samsung", and with LG and Sony, "Defendants") each assert specious breach of contract counterclaims in their respective answers[1] to the operative complaint by Cellular Communications Equipment LLC ("CCE").  The breach of contract counterclaims[2] neither sufficiently plead the existence of a contract to which CCE is a party, nor plead Defendants' performance (or tendered performance) as required by the Fifth Circuit.  Thus, Defendants fail to state a claim upon which relief may be granted.

---

[1] Samsung answers in C.A. No. 6:14-cv-759 as Dkt. No. 141 ("Samsung Counterclaims").  LG answers in C.A. No. 6:13-cv-508 as Dkt. No. 87 ("LG Wave I Counterclaims") and C.A. No. 6:14-cv-982 as Dkt. No. 151 ("LG Wave II Counterclaims").  Sony answers in C.A. No. 6:14-cv-982 as Dkt. No. 149 ("Sony Counterclaims").  This motion to dismiss is made in each of those actions, as Defendants claims are substantively identical.

[2] Found in the Samsung Counterclaims at ¶¶19-28, the LG Wave I Counterclaims at ¶¶251-260, the LG Wave II Counterclaims at ¶¶200-209, and the Sony Counterclaims at ¶¶36-46.

**APPLICABLE LAW**

Dismissal is appropriate under Fed. R. Civ. P. 12(b)(6) when a plaintiff (or counterclaimant) fails to satisfy the pleading requirements of Fed. R. Civ. P. 8(a)(2). Although detailed factual allegations are not required, a plaintiff must elucidate the grounds of his entitlement to relief beyond mere "labels and conclusions." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In other words, "a formulaic recitation of the elements of a cause of action will not do." *Id*.

Moreover, the pleading must be factually suggestive, so as to "raise a right to relief above the speculative level" and into the "realm of plausible liability." *Id*. at 555, 557, n.5. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This includes the basic requirement that the facts plausibly establish each required element for each legal claim. *Id.* at 682-83.

In Texas, the "essential elements of a breach of contract action are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Smith Int'l, Inc. v. Egle Group LLC*, 490 F.3d 380, 387 (5th Cir. 2007).

**FACTS AND ARGUMENT**

Despite having participated in this lawsuit from as early as 2013, Defendants only recently answered CCE's complaints. The answers followed multiple failed motions to dismiss in which Defendants asserted, among other things, that CCE failed (in certain ways) to appropriately plead claims of patent infringement.

Although Defendants have had years to refine their breach of contract claim before actually having to plead it, their best attempt is this:

> **CCE and/or its predecessors** [sic] ETSI membership and activities, including the declarations it made to comply with ETSI's IPR policy for the Alleged Standard Essential Patents, created an **express and/or implied contract** with **ETSI and/or ETSI members** including an agreement that **CCE and/or its predecessors** would license those patents on FRAND terms and conditions.

Sony Counterclaims at ¶39; s*ee also* LG Wave I Counterclaims at ¶254, LG Wave II Counterclaims at ¶203, and Samsung Counterclaims at ¶22 (emphasis added).

Defendants' loose allegations regarding the existence of a contract to which CCE is a party fails to state a claim. In the Fifth Circuit, alleging the existence of a valid contract is "a crucial element to a breach of contract claim." *Castillo v. Ocwen Loan Servicing, L.L.C.*, 539 Fed. Appx. 621, 624 (5th Cir. Tex. 2013).

First, Defendants fail to identify an "express and/or implied contract" between CCE and Defendants (there is no such contract). Second, to the extent Defendants rely on "an express and/or implied contract" involving CCE's "predecessors," Defendants' neither identify CCE's alleged "predecessors," nor allege any factual basis as to why CCE is a proper party to sue for a breach of the unidentified contract (there is no tenable theory). Instead, Defendants' allegations are a labyrinth of conjunctions that amount to no more than an accusation that somehow, somewhere, an agreement was made that somehow binds CCE to license patents to Defendants on FRAND terms. Such confusing and broad allegations do not permit CCE to properly defend itself.

Further, Defendants must also plead their performance or tendered performance. Defendants' claims are devoid of any such allegation. Presumably, to plead this element, Defendants must allege the tender of their respective willingness to license CCE patents on FRAND terms. This has not occurred and cannot be pled.

3

Because Defendants have failed to properly and sufficiently plead breach of contract, their breach of contract counterclaims should, in each instance, be dismissed.

**Dated: December 7, 2015**        Respectfully submitted,

*/s/ Edward R. Nelson III*
Edward R. Nelson III
ed@nelbum.com
Texas State Bar No. 00797142
Thomas C. Cecil
tom@nelbum.com
Texas State Bar No. 24069489
NELSON BUMGARDNER PC
3131 West 7th Street, Suite 300
Fort Worth, Texas 76107
Phone:  (817) 377-9111
Fax:  (817) 377-3485

T. John Ward, Jr.
Texas State Bar No. 00794818
J. Wesley Hill
Texas State Bar No. 24032294
Claire Abernathy Henry
Texas State Bar No. 24053063
WARD & SMITH LAW FIRM
P.O. Box 1231
1127 Judson Rd. Ste. 220
Longview, Texas  75606-1231
(903) 757-6400
(903) 757-2323 (fax)
jw@jwfirm.com
wh@wsfirm.com
claire@wsfirm.com

**ATTORNEYS FOR PLAINTIFF**
**CELLULAR COMMUNICATIONS**
**EQUIPMENT LLC**

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing was served on all parties of record on December 7, 2015 via the Court's CM/ECF system.


*/s/ Edward R. Nelson III*