**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

|  |  |
|---|---|
| CELLULAR COMMUNICATIONS EQUIPMENT LLC,<br><br>      Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD, SAMSUNG ELECTRONICS AMERICA, INC.,<br>AT&T INC.,<br>AT&T MOBILITY LLC,<br>VERIZON COMMUNICATIONS, INC.,<br>CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS,<br>SPRINT CORPORATION,<br>SPRINT SOLUTIONS, INC.,<br>SPRINT SPECTRUM L.P.,<br>BOOST MOBILE, LLC,<br>T-MOBILE USA, INC., and<br>T-MOBILE US, INC.,<br><br>      Defendants. | CIVIL ACTION NO. 6:14-cv-759 |

**PLAINTIFF'S REPLY TO SAMSUNG'S COUNTERCLAIMS**

Plaintiff Cellular Communications Equipment LLC ("CCE") hereby files this reply to

Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.'s

(collectively, "Samsung" or "Counterclaimants") Counterclaims to the Second Amended

Complaint.  All allegations not expressly admitted are denied.  With respect to the individually

numbered paragraphs in Defendants' counterclaims, Plaintiff replies as follows:

1

## SAMSUNG'S COUNTERCLAIMS

1.      CCE admits that Samsung purports to seek certain declaratory judgments with respect to patents asserted by CCE against Samsung.  Except as admitted, and to the extent a response is required, the allegations of paragraph 1 are denied.

## THE COUNTERCLAIM PARTIES

2.      CCE admits that Samsung Electronics Co., Ltd. is a corporation organized and existing under the laws of the country of Korea having its corporate headquarters at Samsung Main Building, 250, Taepyung-ro 2-ka, Chung-ku, Seoul 100-742 Korea.

3.      CCE admits that Samsung Electronics America, Inc. is a corporation organized and existing under the laws of the state of New York having its corporate headquarters at 105 Challenger Road, Ridgefield Park, New Jersey, 07660

4.       CCE admits that it is a Texas limited liability company with a principal place of business in Plano, Texas.  Except as admitted, the allegations of paragraph 4 are denied.

## JURISDICTION AND VENUE

5.      CCE admits that this Court has personal jurisdiction over CCE with respect to the claims and counterclaims asserted in this action.  Except as admitted, the allegations of paragraph 5 are denied.

6.      CCE admits that venue is proper in this District with respect to the claims and counterclaims asserted in this action.  Except as admitted, CCE denies the allegations in paragraph 6.

## COUNT ONE
## DECLARATION OF NON-INFRINGEMENT

7.      CCE admits that Samsung purports to incorporate and repeat paragraphs 1-6 of its Counterclaims.  CCE incorporates and re-alleges paragraphs 1-6 of this Reply.

8.      CCE admits that on September 22, 2014, it filed a First Amended Complaint naming Samsung as a defendant.  Except as admitted, the allegations of paragraph 8 are denied.

9.      CCE admits that on June 26, 2015, it filed a Second Amended Complaint in this action and that the Second Amended Complaint (the "Compliant") is currently the active complaint in this action. Except as admitted, the allegations of paragraph 9 are denied.

10.     CCE admits that the Complaint alleges that Samsung infringes U.S. Patent No. 8,055,820 (the "'820 patent"), U.S. Patent No. 7,218,923 ("the '8923 patent"), U.S. Patent No. 7,941,174 ("the '174 patent"), U.S. Patent No. 8,645,786 ("the '786 patent"), and U.S. Patent No. 8,254,872 (the '872 patent") (collectively, the "Asserted Patents").

11.     CCE admits that the '820 Patent, the '174 Patent, the '786 Patent, and the '872 Patent have each been made the subject of an ETSI Information Statement and Licensing Declaration to the European Telecommunications Standards Institute ("ETSI").

12.     CCE denies the allegations of paragraph 12.

13.     CCE admits that an actual controversy exists between Samsung and CCE regarding infringement of the Asserted Patents.  Except as admitted, the allegations of paragraph 15 are denied.

14.     The allegations in paragraph 14 are legal conclusions to which no response is required. To the extent that paragraph 14 contains any factual allegations to which CCE must respond, CCE denies such allegations.

## COUNT TWO
## DECLARATION OF INVALIDITY

15.     CCE admits that Samsung purports to incorporate and repeat paragraphs 1-14 of its Counterclaims.  CCE incorporates and re-alleges paragraphs 1-14 of this Reply.

16.     CCE denies the allegations of paragraph 16.

17.     CCE admits that an actual controversy exists between Samsung and CCE regarding validity of the Asserted Patents.  Except as admitted, the allegations of paragraph 17 are denied.

18.     The allegations in paragraph 18 are legal conclusions to which no response is required. To the extent that paragraph 18 contains any factual allegations to which CCE must respond, CCE denies such allegations.



## COUNT THREE
## COUNTERCLAIM FOR BREACH OF CONTRACT

19.     CCE filed an antecedent motion to dismiss this counterclaim.  Thus, other than as indicated in the motion to dismiss, CCE makes no response to the allegations comprising the counterclaim at this time.

20.     CCE filed an antecedent motion to dismiss this counterclaim.  Thus, other than as indicated in the motion to dismiss, CCE makes no response to the allegations comprising the counterclaim at this time.

21.     CCE filed an antecedent motion to dismiss this counterclaim.  Thus, other than as indicated in the motion to dismiss, CCE makes no response to the allegations comprising the counterclaim at this time.

22.     CCE filed an antecedent motion to dismiss this counterclaim.  Thus, other than as indicated in the motion to dismiss, CCE makes no response to the allegations comprising the counterclaim at this time.

23.     CCE filed an antecedent motion to dismiss this counterclaim.  Thus, other than as indicated in the motion to dismiss, CCE makes no response to the allegations comprising the counterclaim at this time.

24.     CCE filed an antecedent motion to dismiss this counterclaim.  Thus, other than as indicated in the motion to dismiss, CCE makes no response to the allegations comprising the counterclaim at this time.

25.     CCE filed an antecedent motion to dismiss this counterclaim.  Thus, other than as indicated in the motion to dismiss, CCE makes no response to the allegations comprising the counterclaim at this time.

26.     CCE filed an antecedent motion to dismiss this counterclaim.  Thus, other than as indicated in the motion to dismiss, CCE makes no response to the allegations comprising the counterclaim at this time.

27.     CCE filed an antecedent motion to dismiss this counterclaim.  Thus, other than as indicated in the motion to dismiss, CCE makes no response to the allegations comprising the counterclaim at this time.

28.     CCE filed an antecedent motion to dismiss this counterclaim.  Thus, other than as indicated in the motion to dismiss, CCE makes no response to the allegations comprising the counterclaim at this time.

## COUNT FOUR
## DECLARATORY JUDGMENT THAT SAMSUNG IS LICENSED TO PRACTICE THE ASSERTED PATENTS

29. CCE admits that Samsung purports to incorporate and repeat paragraphs 1-28 of its Counterclaims. CCE incorporates and re-alleges paragraphs 1-28 of this Reply.

30. CCE denies the allegations of paragraph 30.

31. CCE lacks knowledge or information sufficient to form a belief about paragraph 31 and thus denies same.

## COUNT FIVE
## COUNTERCLAIM FOR EQUITABLE ESTOPPEL

32. CCE admits that Samsung purports to incorporate and repeat paragraphs 1-31 of its Counterclaims. CCE incorporates and re-alleges paragraphs 1-31 of this Reply.

33. CCE lacks knowledge or information sufficient to form a belief about paragraph 33 and thus denies same.

34. CCE lacks knowledge or information sufficient to form a belief about paragraph 34 and thus denies same.

35. CCE lacks knowledge or information sufficient to form a belief about paragraph 35 and thus denies same.

36. CCE denies the allegations of paragraph 36.

37. CCE lacks knowledge or information sufficient to form a belief about paragraph 37 and thus denies same.

## COUNT SIX
## DECLARATION OF FRAND ROYALTIES

38.     CCE admits that Samsung purports to incorporate and repeat paragraphs 1-37 of its Counterclaims.  CCE incorporates and re-alleges paragraphs 1-37 of this Reply.

39.     The allegations in paragraph 39 are legal conclusions to which no response is required. To the extent that paragraph 39 contains any factual allegations to which CCE must respond, CCE denies such allegations.

40.     The allegations in paragraph 40 are legal conclusions to which no response is required. To the extent that paragraph 40 contains any factual allegations to which CCE must respond, CCE denies such allegations.

41.     CCE admits that Samsung requests certain declaratory relief.  Except as admitted, the allegations in paragraph 41 are legal conclusions to which no response is required. To the extent that paragraph 41 contains any factual allegations to which CCE must respond, CCE denies such allegations.

42.     CCE denies the allegations of paragraph 42.

## DEMAND FOR JURY TRIAL

43.     CCE admits that Samsung demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

Although no answer is required to Samsung's request for relief, CCE denies all allegations in sub-paragraphs (44) through (54) and further denies that the requested relief should be granted to Samsung.

## PLAINTIFF'S PRAYER

Plaintiff prays for the following relief:

A. All relief sough in Plaintiff's Second Amended Complaint;

B. Dismissal of Samsung's counterclaims and judgment that Samsung take nothing;

C. Judgment declaring that Samsung infringes one or more claims of the '174 Patent, '820 Patent, '786 Patent, '872 Patent, and/or '8923 Patent;

D. Judgment declaring that the'174 Patent, '820 Patent, '786 Patent, '872 Patent, and/or '8923 Patent are valid and enforceable;

E. Judgment that Samsung account for and pay to Plaintiff all damages to and costs incurred by Plaintiff because of Samsung's infringing activities, either through direct or indirect infringement, either alone or in combination with the actions of others;

F. Judgment declaring that Samsung account for and pay to Plaintiff a reasonable, on-going, post-judgement royalty because of Samsung's infringing activities;

G. An award of Plaintiff's fees and costs in defending against Samsung's counterclaims, together with pre-judgment and post-judgment interest in the maximum amount provided by law; and

H. Any and all further relief for Plaintiff as the Court may deem just and proper.


**Dated: December 7, 2015**                 Respectfully submitted,


                                            */s/ Edward R. Nelson III*
                                            Edward R. Nelson III
                                            ed@nelbum.com
                                            Texas State Bar No. 00797142
                                            Thomas C. Cecil
                                            tom@nelbum.com
                                            Texas State Bar No. 24069489
                                            NELSON BUMGARDNER, P.C.
                                            3131 West 7th Street, Suite 300
                                            Fort Worth, Texas 76107
                                            Phone: (817) 377-9111
                                            Fax: (817) 377-3485

T. John Ward, Jr.
Texas State Bar No. 00794818
J. Wesley Hill
Texas State Bar No. 24032294
Claire Abernathy Henry
Texas State Bar No. 24053063
WARD & SMITH LAW FIRM
P.O. Box 1231
1127 Judson Rd. Ste. 220
Longview, Texas  75606-1231
(903) 757-6400
(903) 757-2323 (fax)
jw@jwfirm.com
wh@wsfirm.com
claire@wsfirm.com

**ATTORNEYS FOR PLAINTIFF
CELLULAR COMMUNICATIONS
EQUIPMENT LLC**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that a copy of the foregoing was served on all parties of record on December 7, 2015 via the Court's CM/ECF system.

*<u>/s/ Edward R. Nelson III</u>*