IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| CELLULAR COMMUNICATIONS EQUIPMENT, LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 6:14-CV-759 |
| SAMSUNG ELECTRONICS CO., LTD., et al., | § § § | |
| Defendants. | § § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Samsung's Motion for Partial Stay of Proceedings Pending *Inter Partes* Review of Certain Asserted Claims ("the Motion") (Doc. No. 103). Defendants AT&T Mobility, T-Mobile USA, Inc., and T-Mobile US, Inc. joined the Motion. Doc. No. 105. Defendants Verizon Wireless d/b/a Cellco Partnership ("Verizon") and Sprint Solutions, Inc., Sprint Spectrum L.P., and Boost Mobile, LLC ("Sprint") joined the Motion with respect to the arguments related to U.S. Patent No. 7,218,923 ("the '8923 Patent") and took no position as to the arguments with respect to U.S. Patent No. 7,941,174 ("the '174 Patent"). Doc. No. 108. For the reasons stated below, the Motion is **GRANTED**.

**BACKGROUND**

Plaintiff Cellular Communications Equipment, LLC ("CCE") filed suit against all defendants on September 15, 2014 alleging infringement of five patents: U.S. Patent No. 6,819,923 ("the '9923 patent"), U.S. Patent No. 8,055,820 ("the '820 patent"), U.S. Patent No. 6,810,019 ("the '019 patent"), the '8923 patent, and the '174 patent. Doc. No. 1. CCE filed an

Amended Complaint on September 22, 2014 alleging infringement of two additional patents: U.S. Patent No. 8,645,786 ("the '786 patent") and U.S. Patent No. 8,254,872 ("the '872 patent"). Doc. No. 10. On June 26, 2015, CCE filed a Second Amended Complaint only alleging infringement of five patents: the '820 patent, the '8923 patent, the '174 patent, the '786 patent, and the '872 patent. Doc. No. 76. Two of these patents include claims that are currently subject to *inter partes* review.

On July 14, 2014, Amazon.com, Inc. (among others) filed a petition for *inter partes* review challenging claims 1, 6, 9, 14, 18, and 19 of the '174 patent. *See* Petition, *Amazon.com Inc, et. al. v. Cellular Communications Equipment LLC*, No. IPR2014-01134 (P.T.A.B. filed July 10, 2014). These are the exact claims at issue in this case. Doc. No. 76 ¶¶ 52, 56, 59. On January 15, 2015, the PTAB instituted *inter partes* review as to all of those claims. *See* Decision, *Amazon.com Inc, et. al. v. Cellular Communications Equipment LLC*, No. IPR2014-01134 (P.T.A.B. Jan. 15, 2015). On July 10, 2014, NEC Corporation of America (among others) filed a petition for *inter partes* review challenging claims 1-5, 8-9, 24-26, 31, 33, 39, and 40 of the '8923 patent. *See* Petition, *NEC Corporation of America, et.al. v. Cellular Communications Equipment LLC*, No. IPR2014-01133 (P.T.A.B. filed July 10, 2014). On January 15, 2015, the PTAB instituted *inter partes* review as to claims 1, 2, 4, 5, 8, 24, 25, and 31 but declined to institute review as to claims 3, 9, 26, 33, 39, and 40. Decision at 2, *NEC Corporation of America, et.al. v. Cellular Communications Equipment LLC*, No. IPR2014-01133 (P.T.A.B. Jan. 15, 2015). The oral hearings for both cases were conducted on August 26, 2015. The PTAB will make its decision no later than January 15, 2016. Doc. No. 103 at 4; 35 U.S.C. § 316(a)(11). Samsung filed the instant Motion on September 3, 2015. Doc. No. 103.

## APPLICABLE LAW

A district court has the inherent power to control its own docket, including the power to stay proceedings before it. *NFC Technology LLC v. HTC America, Inc.*, No. 2:13-CV-1058, 2015 WL 1069111, at *1 (E.D. Tex. Mar. 11, 2015); *Clinton v. Jones*, 520 U.S. 681, 706 (1997). How to best manage the court's docket "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936). The party seeking the stay bears the burden of showing that the stay is appropriate. *Id.* at 255. A stay pending an administrative proceeding is not automatic, but rather it is based on the circumstances of the individual case. *See, e.g., Datatreasury Corp. v. Wells Fargo & Co.*, 490 F. Supp. 2d 749, 755 (E.D. Tex. 2006).

District Courts typically consider three factors when deciding whether to stay litigation pending *inter partes* review of a patent in suit: "(1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party, (2) whether a stay will simplify the issues in question and trial of the case, and (3) whether discovery is complete and whether a trial date has been set." *Soverain Software LLC v. Amazon.com, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005). The analysis previously applied to *inter partes* reexamination continues to apply to the newer *inter partes* review. *See Virtual Agility, Inc. v. Salesforce.com, Inc.*, No. 2:13-CV-00011, 2014 WL 94371 (E.D. Tex. Jan. 9, 2014). Based on those three factors, courts determine whether the benefits of a stay outweigh the inherent costs of postponing resolution of the litigation. *NFC Technology*, 2015 WL 1069111, at *2.

## ANALYSIS

### 1. Undue Prejudice or Clear Tactical Disadvantage

CCE argues that it will be prejudiced if a stay is granted because "it is entirely feasible that Samsung and its co-defendants resist lifting the stay upon issuance of final IPR decisions" pending appeal or motion for reconsideration. Doc. No. 111 at 4. Other than this general argument, CCE makes no specific allegations of prejudice in this case other than the natural delay that would occur when a stay is granted in any case. CCE's interest in proceeding in a timely manner should be given weight in this analysis, as it is in every patent case. *See Lennon Image Technologies, LLC v. Macy's Retail Holdings, Inc.*, No. 2:13-CV-00235, 2014 WL 4652117, at *2 (E.D. Tex. Sept. 18, 2014)(citing *Ambato Media, LLC v. Clarion Co., Ltd.*, 2:09-CV-242, 2012 WL 194172, at *1 (E.D. Tex. Jan. 23, 2012) (acknowledging that a patent holder has "an interest in the timely enforcement of its patent right.")). However, because this interest is present in every patent case where a patentee is opposing a stay, that interest alone is not sufficient to defeat a motion to stay. *NFC Technology*, 2015 WL 106911, at *2; *E-Watch, Inc. v. Lorex Canada, Inc.*, No. H-12-3314, 2013 WL 5425298, at *2 (S.D. Tex. Sept. 26, 2013).

Samsung argues that a stay will cause no threat to CCE's ongoing business because CCE is not a market competitor and thus monetary relief will be sufficient to compensate CCE for any alleged infringement both before and during litigation. Doc. No. 103 at 4. When parties are competitors in the marketplace, delays in litigation are especially burdensome and weigh more heavily in favor of denying a stay. *Invensys Systems, Inc. v. Emerson Electric Co.*, No. 6:12-CV-00799, 2014 WL 4477393, at *2 (E.D. Tex. July 25, 2014). In CCE's P.R. 3-1 Disclosures, CCE acknowledges that is it not a market competitor. Doc. No. 103, Ex. 1 at 3. Furthermore, in CCE's opposition to the Motion, CCE does not dispute Samsung's characterization, rather simply

arguing that the stay will cause prejudice due to the mere fact that it will cause delay. When a patentee seeks exclusively monetary damages, as opposed to a preliminary injunction or other relief, "mere delay in collecting those damages does not constitute undue prejudice." *Crossroads Systems, Inc. v. Dot Hill Systems Corp.*, No. 13-CA-1025, 2015 WL 3773014, at *2 (W.D. Tex. June 16, 2015); *See also Asetek Holdings, Inc. v. Cooler Master Co.*, No. 13-CV-457, 2014 WL 1350813, at *4 (N.D. Cal. Apr. 3, 2014)("Delay alone does not usually constitute undue prejudice, because parties having protection under the patent statutory framework may not complain of the rights afforded to others by that same statutory framework."(internal quotations omitted)). Therefore, the first factor cuts slightly against a stay, but no more than any other case where a patentee is faced with potential delay in obtaining monetary relief on its claims.

### 2.  *Simplification of the Issues*

Samsung argues that resolution of the *inter partes* review is likely to simplify this case by eliminating or narrowing issues for trial. Doc. No. 103 at 5. This is because the PTAB found a "reasonable likelihood" that the asserted claims in the '174 patent and claims 1, 4, and 24 of the '8923 patent would be unpatentable. Decision at 2, *Amazon.com Inc, et. al. v. Cellular Communications Equipment LLC*, No. IPR2014-01134 (P.T.A.B. Jan. 15, 2015); Decision at 2, *NEC Corporation of America, et.al. v. Cellular Communications Equipment LLC*, No. IPR2014-01133 (P.T.A.B. Jan. 15, 2015). Samsung also argues that even if the challenged claims are affirmed in whole, the Court would benefit "as such a strong showing would assist in streamlining the presentation of evidence and benefiting the trier of fact by providing the expert opinion of the PTO." Doc. No. 103 at 5 (citing *Software Rights Archive, LLC v. Facebook, Inc.*, C-12-3970, 2013 WL 5225522, at *5 (N.D. Cal. Sept. 17, 2013)).

First, it is important to acknowledge that the PTAB actually granted *inter partes* review as to the asserted claims in the '174 patent and three of the '8923 claims at issue in this case. The grant of *inter partes* review has been treated as a highly significant factor in the courts' determination of whether to stay cases pending PTAB review because this ordinarily means that there is a substantial likelihood of simplification of litigation. *NFC Technology*, 2015 WL 1069111, at *4. The likelihood of simplification is far more speculative before the PTAB decides whether to institute *inter partes* review. *Id.* Since the circuit court's decision in *VirtualAgility*, courts have been nearly uniform in granting motions to stay when the PTAB instituted *inter partes* review[1]. In this case, the fact that the PTAB actually instituted *inter partes* review is a factor that increases the likelihood that a stay pending the outcome of *inter partes* review would simplify the issues at trial.

CCE argues that the court is justified in departing from the "general approach" of granting stays pending *inter partes* review because the PTAB only instituted review as to two of the five patents. Doc. No. 111 at 2. CCE also argues that any final decision in the *inter partes* review involving the '8923 patent cannot possibly invalidate two of the asserted claims: claims 26 and 32. *Id*. To support this proposition, CCE points a footnote in *NFC Technology* stating "courts denied stays because the PTAB had granted review of only some of the asserted claims or patents, and the courts were not persuaded that the PTAB review proceedings were likely to result in significant simplification of the issues in suit." 2015 WL 1069111, at *6 n. 1. However, the facts in those cases differ from the instant case. In *Invensys*, one of the cases cited in the footnote, Defendants moved for a stay of the entire litigation pending *inter partes* review even though the PTAB only instituted *inter partes* review in four of the seven patents. 2014 WL

---

[1] *See NFC Technology*, 2015 WL 1069111, at *6 for a detailed list of post-*VirtualAgility* decisions granting motions to stay after the PTAB instituted *inter partes* review.

4477393, at *1. In that case, a stay of the entire litigation was inappropriate given the fact that the PTAB had not yet instituted *inter partes* review as to all of the patents. In this case, Samsung has specifically requested a partial stay only as to the two patents for which the PTAB has instituted *inter partes* review. Therefore, this factor weighs in favor of granting the partial stay.

### 3. Discovery and Trial Date

This case was filed in September 2014. At the time the Motion was filed, initial discovery requests had been served but no depositions had been noticed or taken. Doc. No. 103 at 6. An Amended Docket Control Order was entered on November 30, 2015. Doc. No. 150. A *Markman* hearing is scheduled for January 12, 2016, the initial expert disclosures deadline is April 27, 2016, the fact discovery deadline is May 27, 2016, and trial is set for September 6, 2016. *Id.* Currently, claim construction briefing is complete, however, other discovery deadlines do not close for months and the trial date is ten months away. It is true that this case was filed over one year ago, claim construction briefing is complete, and the parties may have engaged in some discovery since the Motion was filed. Thus, the Court must note that a stay will interfere with the ongoing proceedings including the upcoming *Markman* hearing. With respect to the *Markman* hearing, however, there is only one claim at issue in the parties' claim construction briefing that could be affected by this partial stay, the term "controlling entity" in the '8923 patent. Every other disputed term relates to patents other than the '174 and '8923 patents and will therefore be unaffected by a stay. Also, because discovery deadlines are months out and the trial date is still ten months away, it is likely that the majority of the expenses that the parties will incur are still in the future. It is worth noting that the PTAB is set to issue a decision by January 15, 2016. Because this is relatively soon, the Court acknowledges that the expenses likely to be incurred during the next five weeks are not as compelling of a reason for stay as the cases where a

decision is not set to issue for months. However, this is still a consideration weighing slightly in favor of granting a stay. There is also the possibility that the PTAB's decision date can be extended up to six months, if there is good cause. 35 U.S.C. § 316(a)(11). Therefore, denying a stay could potentially impose expenses that could be avoided if the results of the *inter partes* review end up simplifying the issues at trial.

<u>**CONCLUSION**</u>

The Court has weighed all of the factors affecting the decision to grant a partial stay pending *inter partes* review and finds that the factors weigh in favor of granting the Motion. Accordingly, the Court **GRANTS** Samsung's Motion for Partial Stay of Proceedings Pending *Inter Partes* Review of Certain Asserted Claims (Doc. No. 103) and **ORDERS** that the above-captioned case shall be stayed with respect to U.S. Patent No. 7,218,923 and U.S. Patent No. 7,941,174. The parties are further **ORDERED** to notify the Court within five (5) days of when the PTAB issues its decision in the *inter partes* review proceedings, at which time the stay shall be lifted.

So ORDERED and SIGNED this 16th day of December, 2015.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE