**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

<table>
<tr><td>

CELLULAR COMMUNICATIONS
EQUIPMENT LLC,
Plaintiff,

v.

SAMSUNG ELECTRONICS CO., LTD.,
et al.,
Defendants.

</td><td>

**Civil Action No. 6:14-cv-759 [KNM]**

</td></tr>
</table>

## SECOND AMENDED DOCKET CONTROL ORDER

Pursuant to the Court's January 22, 2016 Order (Dkt. 178), it is hereby **ORDERED** that

the following schedule of deadlines is in effect until further order of this Court:

| | |
|---|---|
| November 7, 2016 | *Jury Selection and Trial 9:00 a.m. before Judge K. Nicole Mitchell, 211 W. Ferguson St., R. 353, Tyler, TX 75702 |
| November 1, 2016 | *Pretrial Conference at 9:00 a.m. before Judge K. Nicole Mitchell, 211 W. Ferguson St., R. 353, Tyler, TX 75702 |
| October 28, 2016 | *Notify Court of Agreements Reached During Meet and Confer

The parties are ordered to meet and confer on any outstanding objections or motions *in limine*.  The parties shall advise the Court of any agreements reached no later than 1:00 p.m. three (3) business days before the pretrial conference. |
| October 21, 2016 | *File Joint Pretrial Order, Joint Proposed Jury Instructions, Joint Proposed Verdict Form, and Responses to Motions *in Limine* |

| | |
|---|---|
| October 14, 2016 | *File Notice of Request for Daily Transcript or Real Time Reporting.<br><br>If a daily transcript or real time reporting of court proceedings is requested for trial, the party or parties making said request shall file a notice with the Court and e-mail the Court Reporter, Shelly Holmes, at shelly_holmes@txed.uscourts.gov. |
| October 4, 2016 | File Motions *in Limine*<br><br>The parties shall limit their motions *in limine* to issues that if improperly introduced at trial would be so prejudicial that the Court could not alleviate the prejudice by giving appropriate instructions to the jury. |
| October 4, 2016 | Serve Objections to Rebuttal Pretrial Disclosures |
| September 28, 2016 | Serve Objections to Pretrial Disclosures; and Serve Rebuttal Pretrial Disclosures |
| September 19, 2016 | *File Dispositive Motions or Motions to Strike Expert Testimony (including *Daubert* Motions)<br><br>No dispositive motion or motion to strike expert testimony (including a *Daubert* motion) may be filed after this date without leave of the Court. |
| September 14, 2016 | Serve Pretrial Disclosures (Witness List, Deposition Designations, and Exhibit List) by the Party with the Burden of Proof |
| August 5, 2016 | Deadline to Complete Expert Discovery |
| August 5, 2016 | *Deadline to File Letter Briefs Regarding Dispositive Motions |
| July 26, 2016 | Serve Disclosures for Rebuttal Expert Witnesses |
| July 26, 2016 | Deadline to Complete Fact Discovery and File Motions to Compel Discovery |
| June 27, 2016 | Serve Disclosures for Expert Witnesses by the Party with the Burden of Proof |
| June 14, 2016 | Deadline to Complete Mediation<br><br>The parties are responsible for ensuring that a mediation report is filed no later than 5 days after the conclusion of mediation. |

| June 13, 2016 | Comply with P.R. 3-7 (Opinion of Counsel Defenses) |
|---|---|
| March 8, 2016 | Deadline to Substantially Complete Document Production and Exchange Privilege Logs<br><br>Counsel is expected to make good faith efforts to produce all required documents as soon as they are available and not wait until the substantial completion deadline. |

(*) indicates a deadline that cannot be changed without showing good cause. Good cause is not shown merely by indicating that the parties agree that the deadline should be changed.

## ADDITIONAL REQUIREMENTS

**Notice of Mediator**:  The parties are to jointly file a notice that identifies the agreed upon mediator or indicates that no agreement was reached.  If the parties do not reach an agreement, the Court will appoint a mediator.  The parties should not file a list of mediators to be considered by the Court.

**Summary Judgment Motions**:  Prior to filing any summary judgment motion, the parties must submit letter briefs seeking permission to file the motion.  The opening letter brief in each of those matters shall be no longer than five (5) pages and shall be filed with the Court no later than the deadline for filing letter briefs.  Answering letter briefs in each of those matters shall be no longer than five (5) pages and filed with the Court no later than fourteen (14) days thereafter.  Reply briefs in each of those matters shall be no longer than three (3) pages and filed with the Court no later than five (5) days thereafter.  The Court may decide the question on the submissions or hold a hearing or telephone conference to hear arguments and to determine whether the filing of any motion will be permitted.  Letter briefs shall be filed without exhibits. Any requests to submit letter briefs after the deadlines outlined above must show good cause.

**Indefiniteness**:  In lieu of early motions for summary judgment, the parties are directed to include any arguments related to the issue of indefiniteness in their *Markman* briefing, subject to the local rules' normal page limits.

**Motions under 35 U.S.C. § 101**:  Parties seeking to file dispositive motions under 35 U.S.C. § 101 before the Court's Claim Construction Order has issued may do so only upon a grant of leave from the Court after a showing of good cause, which shall be presented through the letter briefing process described above.  Parties may file dispositive motions under 35 U.S.C. § 101 without leave from the Court within two weeks of the issuance of the Court's Claim Construction Order without use of the Court's letter briefing process described above.

**Motions for Continuance**:  The following excuses will not warrant a continuance nor justify a failure to comply with the discovery deadline:

(a)     The fact that there are motions for summary judgment or motions to dismiss pending;

(b)     The fact that one or more of the attorneys is set for trial in another court on the same day, unless the other setting was made prior to the date of this order or was made as a special provision for the parties in the other case;

(c)     The failure to complete discovery prior to trial, unless the parties can demonstrate that it was impossible to complete discovery despite their good faith effort to do so.

**Amendments to the Docket Control Order ("DCO")**:  Any motion to alter any date on the DCO shall take the form of a motion to amend the DCO.  The motion to amend the DCO shall include a proposed order that lists all of the remaining dates in one column (as above) and the proposed changes to each date in an additional adjacent column (if there is no change for a date the proposed date column should remain blank or indicate that it is unchanged).  In other words, the DCO in the proposed order should be complete such that one can clearly see all the remaining deadlines and the changes, if any, to those deadlines, rather than needing to also refer to an earlier version of the DCO.

**Proposed DCO**:  The Parties' Proposed DCO should also follow the format described above under "Amendments to the Docket Control Order ('DCO')."


So ORDERED and SIGNED this 9th day of February, 2016.


_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE

4